J-A22030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
TIMOTHY RANDALL RHOADS :
:
Appellant : No. 60 MDA 2021

Appeal from the Judgment of Sentence Entered December 15, 2020
In the Court of Common Pleas of Berks County Criminal Division at No(s): CP-
06-CR-0004507-2018

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                         **FILED: FEBRUARY 8, 2022**

Appellant, Timothy Randall Rhoads, appeals from the judgment of

sentence entered on December 15, 2020, as made final by the denial of

post-sentence motions on December 30, 2020, following his jury trial

convictions for aggravated assault and strangulation.[1]  We affirm.

The trial court summarized the facts of this case as follows:

[O]n July 17, 2018, [A.S.[2]] and [] Appellant got into an
argument [during which he stabbed A.S.] in the arm with a
boxcutter.  Subsequently, on September 1, 2018, [] Appellant
smacked [A.S.] across the face and grabbed her hand and
twisted it in a way that made her think he was trying to break it.
He then grabbed her by the neck and shoved her face down onto
a bed, which impeded her breathing.  [] Appellant then slammed
[A.S.'s] head against the wall.  Next, [] Appellant picked up an[]
eight-inch wall shelf and hit [A.S.] in the head with it.  Finally,

---

[1]  18 Pa.C.S.A. §§ 2702(a)(1) and 2718(a)(1), respectively.

[2] We use the victim's initials to protect her identity.

after punching [A.S.] multiple times, [] Appellant wrapped his hands around her neck.

Trial Court Opinion, 2/19/2021, at 7-8 (record citations omitted).

Following a trial on October 26, 2020, the jury found Appellant guilty of the aforementioned charges. On December 15, 2020, the trial court sentenced Appellant to an aggregate term of six to 12 years of imprisonment.[3] Appellant filed a post-sentence motion on December 24, 2020. The trial court denied relief by order entered on December 30, 2020. This timely appeal resulted.[4]

On appeal, Appellant presents the following issues for our review:

   I. Whether the trial court erred in denying Appellant's post-sentence motion to quash the information and dismiss the charges[?]

   II. Whether the trial court erred [as a matter of law] in providing a supplemental jury instruction that diminished the Commonwealth's burden of proof[?]

   III. Whether the trial court abused [its] discretion in denying Appellant's request for a jury instruction regarding missing audio[?]

   IV. Whether the evidence was sufficient to establish the elements of [] [a]ggravated [a]ssault[?]

_____

[3] The trial court imposed a sentence of six to 12 years' imprisonment for aggravated assault with a concurrent term of five to 10 years for strangulation.

[4] On January 7, 2021, Appellant filed a notice of appeal and a concise statement of errors complained of on appeal. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 19, 2021.

V.   Whether the trial court abused its discretion in accepting the jury's verdict, where the verdict was against the weight of the evidence[?]

VI.   Whether the sentencing court abused [its] discretion in imposing a sentence at the top of the standard range[?]

Appellant's Brief, at 13-14 (numerals added).

In Appellant's first issue presented, he contends "that the trial court erred in denying Appellant's post-sentence motion to quash the [criminal] information and dismiss the charges because the information was defective." *Id.* at 24. Appellant argues that he was charged with two counts of aggravated assault, but it was not clear which count applied to the July 17, 2018 incident or the September 1, 2018 incident. *Id.* at 29-31.

Our standard of review is as follows:

The decision to grant a motion to quash a criminal information or indictment is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion.

Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.

Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or rules in a manner lacking reason.

Additionally, we note:

A motion to quash is an appropriate means for raising defects apparent on the face of the information or other defects which would prevent prosecution. It is neither a guilt determining procedure nor a pre-trial means for determining the sufficiency of the Commonwealth's evidence. Neither the adequacy nor competency of the

> Commonwealth's evidence can be tested by a motion to quash the information.

***Commonwealth v. Finley***, 860 A.2d 132, 135 (Pa. Super. 2004) (internal citations, quotations, and original brackets omitted). Furthermore, "[a] request to quash an information must be made in an omnibus pretrial motion for relief or it is considered waived." ***Commonwealth v. Martin***, 694 A.2d 343, 344 (Pa. Super. 1997). Here, as set forth above, Appellant concedes that he raised this claim in a post-sentence motion. ***See*** Appellant's Brief at 24. Upon review of the certified record, Appellant filed a pre-trial motion *in limine* on January 27, 2020, which did not request quashal of the criminal information. Thus, because Appellant did not seek quashal of the information by way of an omnibus pre-trial motion, Appellant's first claim is waived.

Moreover, pursuant to Pa.R.Crim.P. 560, the Commonwealth prepares and files a criminal information that "shall be valid and sufficient in law if it contains … the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient[.]" Pa.R.Crim.P. 560(B)(3). This Court has stated:

> It is the duty of the prosecution to fix the date when an alleged offense occurred with reasonable certainty. The purpose of so advising a defendant of the date when an offense is alleged to

have been committed is to provide him with sufficient notice to meet the charges and prepare a defense.

However, due process is not reducible to a mathematical formula, and the Commonwealth does not always need to prove a specific date of an alleged crime. Additionally, indictments must be read in a common-sense manner and are not to be construed in an overly technical sense. Permissible leeway regarding the date provided varies with, *inter alia*, the nature of the crime and the rights of the accused.

Case law has further established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct.

***Commonwealth v. Brooks***, 7 A.3d 852, 857–858 (Pa. Super. 2010) (internal citations, quotations, ellipses, and original brackets omitted).

In this case, the trial court determined:

[O]n May 15, 2019, the Commonwealth, by agreement, amended the information to reflect that the offenses occurred between July 16, 2018 and September 1, 2018. [] Appellant had been aware of the charges since at least the time that the original information was filed [] in October of 2018. There was nothing misleading or surprising that occurred.

Trial Court Opinion, 2/19/2021, at 4-5.

Upon review of the record, we agree with the trial court's assessment. The dates used by the Commonwealth to fix the period of time within which Appellant's offenses occurred corresponded to the dates on which the attacks occurred. The Commonwealth alleged that the boxcutter incident occurred on July 17, 2018 and the shelf episode occurred on September 1, 2018. As such, the Commonwealth provided Appellant with sufficient notice to meet the charges and prepare his defense. Accordingly, not only did Appellant fail to object to the criminal information by pre-trial motion and

thereby waive his request to quash, but his first issue is otherwise without merit.

In his second issue presented, Appellant claims that the trial court's supplemental jury instruction regarding the two charges of aggravated assault were erroneous. Appellant's Brief at 31-33. As briefly explained above, the Commonwealth charged Appellant with two counts of aggravated assault[5] for incidents which occurred between July 16, 2018 and September 1, 2018. During deliberations, the jury raised questions for consideration by the trial court. N.T., 10/26/2020, at 157. The jury asked which aggravated assault charge applied to each incident. *Id.* The trial court determined that the charge for aggravated assault under 18 Pa.C.S.A. § 2702(a)(1) (attempt/cause serious bodily injury) could apply to both incidents, but the charge for aggravated assault under 18 Pa.C.S.A. § 2702(a)(4)

---

[5] The Commonwealth charged Appellant under two separate subsections of the aggravated assault statute, 18 Pa.C.S.A. §2702(a)(1) and 18 Pa.C.S.A. § 2702(a)(4). Those provisions provide that a person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

*      *      *

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

18 Pa.C.S.A. § 2702(a)(1) and (4).

(attempt/cause bodily injury with deadly weapon) only applied to the July 2018 incident involving the box cutter. *Id.* at 158; 167-168. After the trial court expressed its understanding of which aggravated assault charge(s) applied to each criminal episode, counsel for both the Commonwealth and Appellant agreed with the trial court that it was within the jury's purview to find Appellant guilty of aggravated assault pursuant to 18 Pa.C.S.A. § 2702(a)(1) for both incidents. N.T., 10/26/2020, at 160. Hence, in response to the jury's request for clarification, the trial court instructed the jury that 18 Pa.C.S.A. § 2702(a)(4) (attempt/cause bodily injury with deadly weapon) only applied to the July incident involving the box cutter. N.T., 10/26/2020, at 167. The trial court further explained that 18 Pa.C.S.A. § 2702(a)(1) (attempt/cause serious bodily injury) could apply to either or both incidents in July or September. *Id.* Appellant did not object to the supplemental instruction as given. In fact, prior to the trial court giving the supplemental jury instruction, Appellant agreed with the trial court's proposed clarification. *Id.* at 163.

Appellant's second claim is so poorly framed and developed in his brief on appeal that it is difficult to discern the precise errors about which he complains. Appellant seems to suggest that the trial court should have required the jury to identify an episode date for each subsection of aggravated assault for which Appellant was found guilty. Appellant also seems to argue that the trial court erred in instructing the jury it could consider more than one subsection or definition of aggravated assault for a

particular criminal episode. After careful consideration, we conclude that Appellant did not properly preserve these claims and, alternately, that these claims lack merit.

Initially, we consider whether Appellant properly preserved his challenge to the trial court's jury instructions. Appellant claims that he "object[ed] to this instruction prior to the instruction being given" and "also requested that the verdict slip indicate which date the jury would find Appellant guilty of, should they convict on either." Appellant's Brief at 32. Next, Appellant asserts that "[e]ven if there [were] no proper objection, [because] the trial court instructed the jury that two separate offense[s] are charged under one count, there is a question [as] to the sufficiency of the evidence, as the jury could have mixed and matched elements from each alleged incident." *Id.*

"Whether [a party] waived [its] challenge to the jury instruction presents a question of law for which our standard of review is *de novo*; our scope of review is plenary." **Passarello v. Grumbine**, 87 A.3d 285, 291 n.4 (Pa. 2014) (citations omitted). Our Supreme Court has stated:

> A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of. Pa.R.A.P. 302(b). Additionally, [our Supreme] Court has held that, in the criminal trial context, the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points. **Commonwealth v. Pressley**, 887 A.2d 220, 225 (Pa. 2005).

*Commonwealth v. Sanchez*, 82 A.3d 943, 978 (Pa. 2013) (quotations omitted). "Generally, a defendant waives subsequent challenges to the propriety of the jury charge on appeal if he responds in the negative when the court asks whether additions or corrections to a jury charge are necessary." *Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010).

Upon review of the record, Appellant failed to contemporaneously object to the jury charge given at the time of trial. The certified record reveals that, while Appellant filed a request for points of charge on October 23, 2020, he only requested an unrelated jury instruction regarding the failure to produce "the audio portion of a recorded interview by law enforcement with the alleged victim." Appellant's Request for Points for Charge, 10/23/2020, at 1-2. At no time, whether before, during, or at the conclusion of trial, did Appellant request points for charge regarding the precise jury instructions challenged on appeal. As such, Appellant waived his challenge to the supplemental jury instruction as given.

Even if we were to conclude that Appellant preserved his challenge by asking the court to prepare a verdict slip that directed the jury to match a criminal episode date with each conviction for aggravated assault, we would hold that it is not clear how the jury could have mixed and matched elements of the two counts of aggravated assault as Appellant suggests. The trial court instructed the jury to determine Appellant's guilt based upon the statutory elements of the crimes as the trial court explained them in its

initial instructions. N.T., 10/26/2020, at 167. The trial court instructed the jury regarding the definition and elements of aggravated assault under both subsections of the statute. *Id.* at 137-142 ("[Appellant] was charged with two different sections under the [C]rimes [C]ode and those sections have very specific requirements and elements."). The trial court also instructed the jury that the Commonwealth had the burden of proving Appellant guilty beyond a reasonable doubt. *Id.* at 137. As discussed above, the court's supplemental instructions explained which version(s) of aggravated assault could apply to each criminal episode *sub judice*. Since the jury found Appellant guilty of one count each of aggravated assault under § 2702(a)(1) (attempt/cause serious bodily injury) and § 2702(a)(4) (attempt/cause bodily injury with deadly weapon), there is no basis in the record to suggest that the jury impermissibly mixed and matched elements of aggravated assault as Appellant argues.

We are unpersuaded by Appellant's citation to court rules and principles pertaining to the joinder of offenses in a criminal information to challenge the jury instructions regarding aggravated assault in this case. We have addressed and rejected Appellant's claim regarding the criminal information. Furthermore, Appellant does not argue that the trial court gave the jury erroneous legal definitions of aggravated assault.[6] Appellant does

---

[6] Our standard of review in regard to a trial court's decisions on jury instructions is one of deference; an appellate court will reverse a trial court's
*(Footnote Continued Next Page)*

not clearly explain how the clarified jury instruction was problematic or which portion of the instruction was erroneous. Finally, to the extent that Appellant argues that there was insufficient evidence to support the trial court's supplemental jury instruction, Appellant fails to specify how the Commonwealth's evidence was insufficient in relation to the statutory definitions for the two subsections of aggravated assault as charged.[7] For all of the foregoing reasons, the trial court did not err as a matter of law or abuse its discretion in issuing a supplemental jury instruction regarding the aggravated assault charges. Accordingly, Appellant's second issue fails.

In his third issue, Appellant asserts that the trial court abused its discretion by denying his motion for a jury instruction regarding the Commonwealth's failure to provide the audio portion of a recorded interview between the police and the complainant. Appellant's Brief at 33. He claims that the prosecution withheld evidence favorable to him and he was entitled to a jury instruction regarding a violation of *Brady v. Maryland*, 373 U.S.83 (1963). *Id.* at 33-37. More specifically, Appellant maintains that while the

*(Footnote Continued)* ────────────

decision only when it abused its discretion or committed an error of law. *Commonwealth v. Cannavo*, 199 A.3d 1282, 1286 (Pa. Super. 2018). "We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." *Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014).

[7] We address and reject Appellant's fourth appellate issue pertaining to the sufficiency of the evidence below.

Commonwealth did not willfully or maliciously destroy the audio recording, the Commonwealth "had access to [the recording] and Appellant was not given that same access." *Id.* at 36. Appellant argues that he was prejudiced and is entitled to a new trial. *Id.* at 36-37.

Again, "our standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Cannavo*, 199 A.3d at 1286. Our Supreme Court has determined previously that "[t]he crux of the *Brady* rule is that due process is offended when the prosecution withholds material evidence favorable to the accused." *Commonwealth v. Wholaver*, 177 A.3d 136, 158 (Pa. 2018) (citation omitted). To establish a *Brady* claim, an appellant must prove that the Commonwealth willfully or inadvertently suppressed evidence favorable to the accused and that prejudice ensued. *Id.* The burden rests with Appellant to "prove, by reference to the record, that evidence was withheld or suppressed by the prosecution." *Commonwealth v. Paddy*, 15 A.3d 431, 451 (Pa. 2011).

Here, the trial court noted that "[d]ue to technical difficulties, audio was not recorded" and "the Commonwealth was not at fault[.]" Trial Court Opinion, 2/19/2021, at 6. Upon review, we agree. The police officer who conducted the interview with the complainant testified that he "thought the entire conversation was [audio] recorded" but, because of "a technical failure" he later learned "that all of [the police] department's interviews were

- 12 -

not audio recorded, so [the department] ended up purchasing a new audio and video recording system." N.T., 10/26/2020, at 114-115. Accordingly, we conclude that Appellant has not met his burden of proving that the audio portion of the videotaped police interview was suppressed or withheld by the prosecution. Instead, based upon our review of the certified record, no audio recording of the complainant's interview was generated and, thus, no audio portion of the recorded interview was withheld. Because the Commonwealth did not have access to an audio recording of the complainant's interview, the Commonwealth cannot be faulted for failing to disclose the recording to Appellant. Hence, Appellant was not entitled to a jury instruction regarding missing evidence pursuant to *Brady*. Accordingly, Appellant's third appellate issue lacks merit.

In his fourth issue presented on appeal, Appellant contends that the evidence was insufficient to support his conviction for aggravated assault. Appellant's Brief at 37-47. More specifically, Appellant claims the Commonwealth failed to prove an intent to cause serious bodily injury. Appellant asserts that A.S. was not seriously injured when she was cut with a boxcutter in the July 2018 incident, because she "testified that she received stitches at the hospital and went home with Appellant the same night." *Id.* at 42. Appellant claims he did not intend to cause serious injury during the July 2018 incident, as confirmed by A.S.'s testimony which showed he halted his assault when A.S. wrapped a sweatshirt around her arm once she noticed bleeding. *Id.* at 43. Regarding the September 2018

incident, Appellant concedes that testimony "indicate[d] that Appellant had punched [A.S.], choked her with both hands, twisted her arm, and hit her head with a small shelf." *Id.* at 43 and 45 ("Appellant hit [A.S.] once or twice in the back of the head with a small decorative shelf."). Instead, Appellant contends that there was no evidence of "brain injury or broken bones" pertaining to the September 2018 incident and that "[r]ed marks and bruises" do not constitute serious bodily injury. *Id.* at 44. Appellant asserts that "this was an assault that lasted over an extended period of time," Appellant was much larger than A.S. and, therefore, Appellant suggests that "[w]ith the timing [of events] and Appellant's size, he had more than enough opportunity to cause serious bodily injury and did not." *Id.* at 45-46.

Our standard of review for a sufficiency of the evidence claim is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is de novo and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

- 14 -

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (citation and original brackets omitted).

A person is guilty of aggravated assault if he:

(1)     attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

* * *

(4)     attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S.A. § 2702(a)(1) and (4).

"Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. "Our decisional law [] includes cases of aggravated assault in which the assailant landed multiple punches on the victim." *Commonwealth v. Faulk*, 928 A.2d 1061, 1070–1071 (Pa. Super. 2007) (citation omitted). For aggravated assault, an "attempt" is found where an "accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." *Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (*en banc*) (citation omitted). "Where the injury actually inflicted did not constitute serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding that the

- 15 -

blow delivered was accompanied by the intent to inflict serious bodily injury." ***Commonwealth v. Russell***, 460 A.2d 316, 319 (Pa. Super. 1983), *citing* ***Commonwealth v. Alexander***, 383 A.2d 887, 889 (Pa. 1978). "An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances." ***Fortune***, 68 A.3d at 984. It is within the fact-finder's province to determine whether the failure to follow through on an opportunity to cause injury demonstrates a lack of intent or merely a change of mind. ***See Commonwealth v. Matthews***, 909 A.2d 1254 (Pa. 2006).

Upon review, we agree with the trial court that there was sufficient evidence to support Appellant's convictions for aggravated assault. Regarding the first incident, the Commonwealth presented evidence that Appellant used a box cutter, a deadly weapon, to cut A.S.'s arm. She described the "stab wound" as "a gash" which "was bleeding profusely." N.T., 10/26/2020, at 60. She received five stitches at the hospital. ***Id.*** at 63. It was within the jury's province to determine whether the failure to follow through or continue to cause further injury demonstrated a lack of intent or merely a change of mind. We will not usurp the jury's determination in this regard. Moreover, evidence pertaining to the second incident revealed that Appellant smacked A.S.'s face, slammed her head into a wall, hit her "once or twice" in the head with an eight-inch, decorative wall shelf, and punched her in the ribs. ***Id.*** at 67-74. Evidence of multiple blows to the head was sufficient to support a conviction for aggravated assault.

Accordingly, we conclude that the Commonwealth presented sufficient evidence to support Appellant's convictions for aggravated assault.

Appellant further contends that both of his convictions were against the weight of the evidence. Appellant's Brief at 47-54. When considering challenges to the weight of the evidence, we apply the following precepts:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.
>
> Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence.
>
> > Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Delmonico*, 251 A.3d 829, 837 (Pa. Super. 2021) (internal citations, quotations, and brackets omitted).

The trial court determined:

> Here, the jury heard testimony from [A.S.]; David Wiand, the emergency physician who treated [A.S.] on September 1, 2018; and Officer James Matthews, who interviewed [A.S.] on September 8, 2018. Contrary to Appellant's assertions to the contrary, the jury found [A.S.] to be credible. There was nothing shocking here. Accordingly, [Appellant's weight] claim is also without merit.

Trial Court Opinion, 2/19/2021, at 9.

We conclude that the trial court did not abuse its discretion in denying Appellant's challenge to the weight of the evidence. The jury was free to determine the weight of the witnesses' testimony and we may not substitute our judgment for the jury's findings. Moreover, the evidence was not so tenuous, vague or uncertain that the verdict shocked the conscience of the court. We give the gravest consideration to the findings and reasons advanced by the trial judge. Accordingly, Appellant's weight of the evidence claim fails.

Finally, Appellant posits that his sentence of six to 12 years of imprisonment "was clearly unreasonable as it does not consider the rehabilitative needs of Appellant or any other mitigating factors." Appellant's Brief at 54. More specifically, Appellant maintains that the trial court failed to consider his mother's testimony at sentencing that "incarceration never helped him and he needs more assistance with his mental health" and that "Appellant coped with his tragic childhood with substance abuse[.]" *Id.* at 28. Appellant further argues that the trial court failed to consider his allocution at sentencing wherein "he talked about how

- 18 -

this matter has caused him to become suicidal and depressed." **Id.** Appellant also suggests that the trial court failed to consider the Commonwealth's admission that the verdict was confusing. **Id.** Appellant argues that "[t]o incarcerate Appellant at the top of the standard range where he has already show[n] he is not any further threat to the protection of the public is clearly unreasonable." **Id.** at 56.

This Court has stated:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

\*　　\*　　\*

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (internal case citations and quotations omitted).

Here, Appellant filed a timely notice of appeal, raised the sentencing issue in a post-sentence motion, and complied with Pa.R.A.P. 2119. As such we must examine whether Appellant raises a substantial question to implicate our discretionary review. "[A]n allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review." **Rhoades**, 8 A.3d at 918-919 (citation omitted). "This Court has held that a substantial question exists when a sentencing court imposed a sentence in the **aggravated** range without considering mitigating factors." **Id.**, at 919 n.12 (citation omitted; emphasis added). "Moreover, where [] the sentencing court had the benefit of a pre-sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Id.** at 919 (citation omitted). "[W]e are precluded from addressing [a] challenge to the discretionary aspects of [a] sentence on this basis." **Id.**

Here, there is no dispute that Appellant received concurrent standard-range sentences and the trial court had the benefit of a pre-sentence investigation report prior to sentencing. We may assume that the sentencing court was aware of the relevant information pertaining to Appellant's character and weighed those considerations along with mitigating statutory factors. Accordingly, we conclude that Appellant failed to raise a substantial question.

Assuming Appellant did raise a substantial question, however, we conclude that the trial court did not abuse its discretion in sentencing. Our standard of review is as follows:

> The proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation and ellipses omitted).

Here, before announcing Appellant's sentence in open court, the trial court stated it considered Appellant's prior record score, the offense gravity score, the standard range of the sentencing guidelines, the Commonwealth's recommendation, defense argument, the testimony of A.S., the testimony of Appellant's parents, and Appellant's allocution, as well as a review of the pre-sentence investigation report. N.T., 1/13/2021, at 35. The record reflects that the trial court properly considered the mitigating factors Appellant presented. Appellant's sentence is not manifestly unreasonable or the product of partiality, prejudice, bias, or ill-will, or the result of a lack of

support so as to be clearly erroneous.  Accordingly, Appellant is not entitled to relief on his final claim.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/08/2022